14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Antione HOLLINS, Plaintiff-Appellant,
v.
Michael NEAL, et al., Defendants-Appellees.
 No. 92-2661.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 2, 1993.[1]
Decided Dec. 16, 1993.
 
 Before POSNER, Chief Judge, and RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Antione Hollins, a state prisoner in Danville, Illinois, appeals from a district court order entering summary judgment in favor of various prison officials in the civil rights action, 42 U.S.C. Sec. 1983, stemming from a physical altercation between himself and another inmate.
 
 
 2
 Hollins contends that defendants should have protected him from assault because they knew he had received threats three months earlier in regard to his Islamic religious activities. Hollins must show that the assault resulted from the deliberate indifference of the prison officials. Duane v. Lane, 959 F.2d 673, 676 (7th Cir.1991); McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir.1991). Negligence or gross negligence is not sufficient. Duane, 959 F.2d at 676.
 
 
 3
 On November 14, 1990, Hollins and another inmate fought. The fight was remote in time to a complaint defendants had received about Hollins recruiting other inmates to the Islamic religion. Three months had passed between the complaint and the fight itself. Moreover, Hollins concedes that the assault occurred "over something that happened at another institution." Thus, it apparently did not concern the complaint made three months earlier about his religious activities. In addition, the fight occurred quickly and consisted of only two punches delivered to Hollins within a few seconds. Defendants had no actual knowledge of impending harm and could not easily have prevented any harm. Duane, 959 F.2d at 676; McGill, 944 F.2d at 348. Nothing in the record indicates that defendants deliberately disregarded his safety. See Wilson v. Seiter, 111 S.Ct. 2321 (1991).
 
 
 4
 Hollins alleged in his complaint that defendants denied him timely and adequate medical care for his injuries. A plaintiff must establish deliberate indifference to serious medical needs in order to state an Eighth Amendment claim. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Mere negligence or inadvertence is not sufficient. Duckworth v. Franzen, 780 F.2d 645, 652-53 (7th Cir.1985).
 
 
 5
 Correctional officers immediately took Hollins to the health care unit following his fight with a fellow inmate on November 14, 1990. Nurse Withers observed abrasions on his hands, a superficial abrasion on his forehead, an abrasion on his lower lip and a bloody nose. She cleaned the abrasions, stopped the bleeding, and Hollins was then taken to segregation. He was seen by medical personnel daily from November 15 through 18, 1990. He had no new physical complaints. On November 19, 1990, he complained of nose pain for the first time, and an x-ray revealed a small chip fracture at the tip. From November 20, until December 10, 1990, medical personnel attended to him daily.
 
 
 6
 Hollins' claim fails because he did not show that he suffered a serious medical problem. He had nothing more than a few abrasions, a bloody nose and a tiny fracture at the tip of his nose resulting only in increased nasal congestion. His claim that he did not receive his asthma medication while in segregation also fails because he does not allege any resulting harm. See Wesson v. Oglesby, 910 F.2d 278, 284 (5th Cir.1990); Thomas v. Pate, 493 F.2d 151, 158 (7th Cir.), cert. denied, 419 U.S. 879 (1974). See generally Hudson v. McMillian, 112 S.Ct. 995 (1992).
 
 
 7
 Hollins also fails to show the care he did receive constituted deliberate indifference to his medical needs. He was taken to the health care unit immediately after the fight and was seen almost every day for the next month (November 14 until December 10, 1990). The medical records do not indicate any complaint of nose pain until five days after the fight and no complaints about asthma. In addition, his glasses were repaired and he was examined by an optometrist on December 3, 1990.
 
 
 8
 Hollins submits that he did not see a physician until five days after the fight. Given his complaints and the minor medical problems he exhibited, treatment by a nurse was sufficient. See Duane v. Lane, 959 F.2d at 677 (every delay in treatment does not implicate the Eighth Amendment).
 
 
 9
 Hollins alleges that defendants violated his rights to due process during a disciplinary proceeding resulting from the November 14, 1990 fight between himself and the other inmate. He was issued a disciplinary report charging him with fighting, disobeying a direct order and creating a dangerous disturbance. A hearing was held after which he was found guilty of fighting and disobeying a direct order, but not guilty of creating a dangerous disturbance. The Adjustment Committee sentenced him to one month in segregation and revoked one month's good time credits.
 
 
 10
 Hollins received advance written notice of the claimed violation; the opportunity to call witnesses and present documentary evidence; and a written statement by the fact finder as to the evidence relied upon and the reasons for the disciplinary action. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). No due process violation occurred.
 
 
 11
 Hollins alleges that defendants denied him access to the courts when they placed him in segregation after finding him guilty in the disciplinary proceeding. At the time, he had two criminal cases pending on appeal. The public defender's office, a private attorney and a Northwestern University law professor were representing him in these appeals. The prison permitted segregation inmates to have legal assistance upon request. Law library clerks visited segregation on Tuesdays and Thursdays and made special visits on Mondays and Fridays. The segregation log book indicates that law clerks visited segregation almost every day between October 18, 1990, and January 14, 1991.
 
 
 12
 A prisoner has a constitutional right to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491 (1977); Martin v. Davies, 917 F.2d 336, 338 (7th Cir.1991). Hollins, however, has failed to allege a "quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." Shango v. Jurich, 965 F.2d 289, 292 (7th Cir.1992). In the pending litigation, he was represented by counsel. In addition, he had access to legal assistance by law library clerks who visited segregation almost daily during the relevant period. Hollins fails to point to anything specific, such as the inability to make timely filings or appearances, due to his month in segregation. See Martin v. Davies, 917 F.2d 336, 340 (7th Cir.1991); Bruscino v. Carlson, 854 F.2d 162, 167 (7th Cir.1988).
 
 
 13
 Hollins also contends that the district court abused its discretion in denying his motion to compel answers to interrogatories and in granting summary judgment on the record before it. He has failed to include any argument regarding this point in his opening brief, and thus has waived the issue. Salazar v. City of Chicago, 940 F.2d 233, 242-43 (7th Cir.1991).
 
 
 14
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record